371 So.2d 160 (1979)
CITY OF BOCA RATON, Appellant,
v.
ARVIDA CORPORATION, Appellee.
No. 77-533.
District Court of Appeal of Florida, Fourth District.
April 18, 1979.
Rehearing Denied May 25, 1979.
Gerald F. Richman and Bertha Claire Lee of Frates, Floyd, Pearson, Stewart, Richman & Greer, Miami, for appellant.
H. Michael Madsen of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for appellee.
PER CURIAM.
The City of Boca Raton amended its City Charter to provide that no more than 40,000 dwelling units would be allowed in the City.[1] In order to implement this charter amendment the City had to reduce the allowable number of dwelling units on undeveloped residential property. This was accomplished by reducing all multi-family zoning classifications by 50% and by reducing the dwelling units in single family categories to conform to the average of what had been constructed prior to the charter amendment.
Appellee, Arvida, owns a substantial amount of property in Boca Baton in single family zoning classifications and a small amount in multi-family zoning classifications. Being aggrieved by the enactment of the "cap" and implementing ordinances, Arvida brought suit to invalidate the "cap" and ordinances.
The constitutionality of the charter amendment and the multi-family zoning ordinance was decided in the companion case of Boca Raton v. Boca Villas Corporation, Fla.App., 371 So.2d 154, Case No. 76-2322, Opinion filed April 18, 1979. The trial in Boca Villas took twenty-seven days, after which the trial court held that the charter amendment placing a cap on the number of dwelling units allowable in the City and the multi-family zoning ordinances implementing said amendment bore no rational relationship to a valid municipal purpose and that as applied to the property in question there the ordinances were confiscatory, all of which resulted in a declaration of unconstitutionality. This court affirmed that judgment.
All of the evidence, findings of fact and conclusions of law from the Boca Villas case were admitted into evidence in this case subject to the stipulation that appellant did not admit that the findings of fact and conclusions were correct. In fact, appellant *161 expressly contended the opposite and proposed to have them reviewed on appeal.
There are several major differences in the two cases: 1) In the Boca Villas case the trial court considered and found unconstitutional the cap and implementing ordinances applying to multi-family zoning classifications only; whereas, in this case the Arvida property is primarily located in a single family zoning classification. 2) In the Boca Villas case the property owners attempted to demonstrate that as applied to their property the implementing ordinances were confiscatory; whereas, in this case Arvida adduced no evidence vis-a-vis the effect of the legislation on the use and value of its property; Arvida relied either upon the proof of confiscation in the other case or upon the theory that proof that the cap and ordinances were irrational brought down the implementing ordinances without proof of confiscation. 3) In this case Arvida sought to have Ordinances 1744 and 1745 held valid, although it had attacked them, along with all other implementation ordinances, in its pleadings as being invalid.
In the Boca Villas case we affirmed the trial judge's decision, holding the charter amendment and implementing ordinances to be arbitrary, because they bore no substantial relation to a permissible municipal purpose. What we said there is equally applicable here and need not be repeated. Since we found the attack upon the laws sufficient to demonstrate the inadequacy of any rational relationship between them and the public health, safety, morals and welfare, we found it there, as here, unnecessary to plumb the alleged confiscatory aspect of the ordinances as applied to appellee's property.
Suffice to say that our holding in the Boca Villas case vis-a-vis the charter amendment and implementing ordinances compels an affirmance here. We have also considered appellee's contentions regarding the validity of Ordinances 1744 and 1745 and find the trial judge's disposition thereof appropriate.
Accordingly, the judgment appealed from is AFFIRMED.
DOWNEY, C.J., and ANSTEAD and BERANEK, JJ., concur.
NOTES
[1] The charter amendment passed by the city electorate provided:

"The total number of dwelling units within the existing boundaries of the City is hereby limited to forty thousand (40,000). No building permit shall be issued for the construction of a dwelling unit within the City which would permit the total number of dwelling units within the City to exceed forty thousand (40,000)."
This zoning device is commonly referred to as placing a "cap" on density, and the parties here refer to this amendment as the "cap."